IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ANGELA DRAGHICESCU,<br><br>Plaintiff,<br><br>v.<br><br>UNIVERSITY OF DELAWARE,<br><br>Defendant. | CIVIL ACTION NO.:<br><br>_____ |

**DEFENDANT UNIVERSITY OF DELAWARE'S NOTICE OF REMOVAL**

Defendant University of Delaware (the "University"), by and through its undersigned counsel, hereby files this Notice of Removal pursuant to 28 U.S.C. §§ 1331, 1441, 1446. The grounds for removal are as follows:

1. Plaintiff Angela Draghicescu ("Plaintiff") commenced this action against the University by filing a complaint in the Superior Court of the State of Delaware asserting state law claims under the Delaware Wage Payment and Collection Act, 19 *Del. C.* § 1101 *et seq*. and breach of contract. The Superior Court case is captioned *Angela Draghicescu v. University of Delaware*, case number N24C-01-070-VLM (the "Delaware Action").

2. On January 14, 2025, Plaintiff filed an Amended Complaint in the Delaware Action asserting claims under both state and federal laws. This Notice of Removal is accordingly timely pursuant to 28 U.S.C. § 1446(b)(3).[1] A copy of the Amended Complaint is attached hereto

---

[1] The text of 28 U.S.C. § 1446(b)(3) is as follows:

> [e]xcept as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

as "Exhibit A."

3. Plaintiff's Amended Complaint asserts the following additional claims: (1) Disability Discrimination pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*; (2) Disability Discrimination pursuant to the Delaware Persons with Disabilities Employment Protections Act, Del. Code Ann. tit. 19, § 720 *et seq.*; (3) Retaliation in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*; (4) Retaliation pursuant to the Delaware Persons with Disabilities Employment Protections Act, Del. Code Ann. tit. 19, § 720 *et seq.*; (5) Discrimination on the basis of gender pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2 *et seq.*; (6) Discrimination on the basis of gender in violation of the Delaware Discrimination in Employment Act, Del. Code Ann. tit. 19, § 710 *et seq.*; (7) Retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2 *et seq.*; and (8) Retaliation in violation of the Delaware Discrimination in Employment Act, Del. Code Ann. tit. 19, § 710 *et seq.*

4. Pursuant to 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

5. To that end, "[t]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rossdeutscher v. Viacom, Inc.*, 768 A.2d 8, 19 (Del. 2001), *as revised* (Apr. 2, 2001).

6. Further, "[a]s the removing party asserting federal jurisdiction, the defendant bears the burden of proving that the action is properly before the district court." *Tuckey v. Intermatic, Inc.*, No. 13-cv-02096, 2014 WL 281692, at *1 (M.D. Pa. Jan. 24, 2014).

7. Counts Three (3) and Five (5) of Plaintiff's Amended Complaint assert claims pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*

8. Counts Seven (7) and (9) of Plaintiff's Amended Complaint assert claims pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2 *et seq*.

9. Accordingly, because Plaintiff raises four new, federal claims in her Amended Complaint, this action is properly removed to the United States District Court for the District of Delaware pursuant to 28 U.S.C. §§ 1331 and 1441(a) and (c).

10. With respect to the state law claims asserted against the University, this Court has supplemental jurisdiction over such claims under 28 U.S.C. § 1367.

WHEREFORE, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, the University respectfully removes this civil action from the Superior Court of the State of Delaware to the United States District Court for the District of Delaware.

**SAUL EWING LLP**

*/s/James D. Taylor*
James D. Taylor, Jr. (# 4009)
Marisa R. De Feo
1201 N. Market Street, 23rd Floor
Wilmington, DE 19801
Telephone: (302) 421-6800
Facsimile: (302) 421-6813
james.taylor@saul.com
marisa.defeo@saul.com
*Counsel for the University of Delaware*

Dated: January 24, 2025

## CERTIFICATE OF SERVICE

I, James D. Taylor, Jr., do hereby certify that on this 24th day of January 2025, I cause to be served the Notice of Filing of Notice of Removal as follows:

VIA ELECTRONIC MAIL

Lauren P. DeLuca (#6024)
Connolly Gallagher LLP
1201 N. Market Street, 20th Floor
Wilmington, Delaware 19801
ldeluca@connollygallagher.com

*/s/James D. Taylor*
James D. Taylor, Jr. (# 4009)